## Commonwealth v. Butts

*Joseph C. Madenspacher, Assistant District Attorney,* for Commonwealth.
*Lawrence E. Stengel,* for defendant.

BROWN, *P.J.,* November 10, 1976—Defendant was charged with the crime of theft by failure to make the required disposition of funds received in violation of section 3927 of the Crimes Code of December 6, 1972, P.L. 1482, 18 Pa. C.S.A. §3927. The amount of money involved, as charged in the information, which was amended during trial, was $3,553.10. Defendant was found guilty as charged by the writer of this opinion, sitting without a jury, after defendant had duly waived his right to a jury trial. His post-trial motions are the subject of the instant proceeding.

Defendant was the president and sole stockholder of Central Insurance Managers, Inc. (hereinafter referred to as "Central"). The property allegedly taken consisted of rebates or refunds of insurance premiums which were due to customers of Central. The rebates were given by various insurance companies and took the form of credits to the accounts of Central with the insurance companies. The evidence presented at trial included 64 customer invoices prepared in 1973 and 1974 by employes including Joy B. Swift, then an employe of Central, which reflected unpaid rebates or refunds due various of Central's former customers. Seven former customers, or representatives of

former customers, testified that the rebates or refunds due them were never paid by Central. One of the witnesses was evidently paid by the insurance company itself. Defendant himself testified that during the time in question he paid himself a salary which ranged from $175 per week to $225 per week, that he drove a company car and paid for gas from a company expense account. He testified, moreover, that he alone could draw checks on the insurance trust account, one of the two checking accounts maintained by Central, and that the insurance trust account was the one to which credits for refunds due customers would normally inure and thus out of which the refunds would logically be paid.

Both the Commonwealth and defendant concur that the crime of theft by failure to make required disposition of funds received is composed of four elements:

(1) the obtaining of property;

(2) subject to an agreement or known legal obligation to make specified payments or other dispositions thereon;

(3) intentionally dealing with the property obtained as defendant's own; and

(4) failing to make the required payment or disposition.

Defendant contends that the Commonwealth failed to prove the third element, namely, that defendant intentionally dealt with the property obtained as defendant's own. He relies heavily on subsection (b)(2) of section 3927 of the Crimes Code which creates a presumption that an officer or employe of a financial institution deals with property as his own if he fails to pay upon lawful demand or if an audit reveals a shortage. The testimony rather thoroughly indicates that none of

the customers who testified made a formal demand for payment of the refund due. The presumption is, thus, not available to the Commonwealth.

However, ample evidence exists, independent of the presumption, to demonstrate that defendant dealt with the property as his own. The mere fact that the credits, passing from the insurance companies to Central, do not amount to identifiable property is not determinative. The definition of the offense specifically includes payments to be made "whether from such property or its proceeds or from his own property to be reserved in equivalent amount . . ." Crimes Code of December 6, 1972, P.L. 1482, sec. 3927, 18 Pa. C.S.A. §3927.

The employe, Joy B. Swift, testified as to the normal procedure for dealing with the credits and refunds. One of the ways in which the right to a refund would develop is early cancellation. If a customer cancelled a policy before the expiration date, Central would return the policy to the insurance company. The insurance company would, in turn, apply a credit to Central's premium account that amount owed by Central to the company for premiums collected by Central. Mrs. Swift or another employe would ordinarily see the credit notation from the insurance company and then prepare a credit memo which would be presented to defendant for approval to write a refund check to the insured. The check would ordinarily be issued at that time. Mrs. Swift testified that she periodically approached defendant about paying the refunds in question, but that defendant would commonly reply that there was no money to pay the refunds and to hold off paying them. While Mrs. Swift did not prepare an itemized list of re-

funds due, she did give defendant the entire folder containing the credit memos for him to review.

The evidence, in short, demonstrates that Central, which was owned entirely by defendant and of which defendant was the executive officer, was given certain credits by various insurance companies; that Central was obligated, as an agent of the insurance companies, to make certain refunds, in like amounts to the credits, to various customers; that defendant was made aware, at least by Mrs. Swift, of the credits and resulting refunds due Central's customers; and that defendant chose not to make the refunds, deciding instead to make other payments including, inter alia, his own salary. Such evidence adequately proves defendant's intentional dealing with the property obtained as his own.

The fact that Central was in financial trouble is of no consideration. The Superior Court, in recently dealing with a case under the same section, stated as follows: "This statute does not make insolvency a crime as appellant contends. It merely provides that when money is paid to an agent for an obligation that obligation must be met." Commonwealth v. Crafton, 240 Pa. Superior Ct. 12, 367 A.2d 1092 (1976).

For the foregoing reasons, the verdict will be sustained and the post trial motions filed by defendant will be dismissed.

## ORDER

And now, November 10, 1976, the court hereby dismisses the motion in arrest of judgment and motion for a new trial filed by Laurence A. Butts, and directs the said defendant to appear at the call of the district attorney for sentencing.